# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| GARY W. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:10-0030 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| U.S. FOODSERVICE, INC., and GREAT ) | |
| DANE LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant Great Dane Limited Partnership's Motion for Judgment on the Pleadings (Docket No. 14) and the plaintiff's Motion for Certification Order (Docket No. 18). For the reasons discussed herein, the defendant's motion will be granted, and the plaintiff's motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Gary Crawford, alleges that, on July 11, 2008, he was working at an event at Nashville Super Speedway in Wilson County, Tennessee, on behalf of his employer, Ovations Food Services, LP. (Docket No. 1 Ex. 1 at 2-3.) Ovations operates the concession stands at the Super Speedway. (*Id.*) Defendant U.S. Foodservice, Inc. (USFI) sells food items and related services to vendors such as Ovations, and USFI provided Ovations with a refrigerated trailer (and food) to use for the July 11 event. (*Id.* at 3.) While working that day, the plaintiff went into the trailer to obtain a 30-pound bag of french fries. (*Id.*)

According to the plaintiff, the trailer had steps that needed to be pulled out from the side of the trailer to access the interior, and, once the steps were pulled out, a metal plate could be

1

pulled out, which acted as a "porch" over the steps. (*Id*.) The plaintiff alleges that, before entering the trailer, he pulled the steps into place and then pulled the plate over the steps, fastening it into place. (*Id.*) After getting the fries, the plaintiff walked out of the trailer, intending to step onto the plate. (*Id.*) Unfortunately, while the plaintiff was inside the trailer, the plate had retracted, and the plaintiff fell, sustaining "serious and permanently disabling injuries to his left knee, left hip and back." (*Id.*)

The plaintiff filed suit against USFI in the Circuit Court for Wilson County on May 4, 2009, alleging that the trailer and its step system were defective and dangerous.[1] (Docket No. 17 at 2.) USFI filed its Answer on June 18, 2009, which listed a series of affirmative defenses. (*Id.*) One of those defenses was that the accident and its consequences "were the result of negligence of another person or persons . . . including . . . [the] plaintiff . . . and known or unknown third parties" that USFI did not control. (*Id.*) In another affirmative defense, USFI stated that it was only the seller, not the manufacturer, of the trailer/step system. (*Id.*) USFI did not identify the manufacturer of the trailer/step system in its Answer. (*Id.* at 3.)

On September 24, 2009, USFI submitted responses to the plaintiff's interrogatories. In response to an interrogatory that asked to whom USFI attributed fault for the accident, USFI responded that the plaintiff was at fault for not using proper safety precautions and, "to the extent Plaintiff alleges that the step system at issue has a manufacturing and/or design defect, Great Dane, the manufacture[r] of the trailer and step system at issue would be the proper

---

[1] The plaintiff's original state-court Complaint and USFI's Answer to that Complaint do not appear to be in the record before the court here. Given the pertinency of those documents to this motion, it would have been helpful for those documents to have been filed by the parties. That said, it does not appear that the parties disagree as to the content of those documents.

2

Defendant in this matter." (Docket No. 17 Ex. 2 at 2.) The plaintiff alleges that this was the first time that USFI identified the manufacturer of the step system. (Docket No. 17 at 3.)

In response to USFI's interrogatory response, the plaintiff filed a motion either to (1) strike the response and prohibit USFI from attributing causal responsibility to "Great Dane" or (2) have USFI specifically identify the entity it referred to as "Great Dane." (Docket No. 17 Ex. 4 at 2.) On October 27, 2009, while the motion to strike was pending, USFI's counsel provided the plaintiff with a letter specifically identifying Great Dane Limited Partnership ("Great Dane LP"), the defendant that brings this motion here, as the manufacturer of the step system. (Docket No. 17 Ex. 5 at 2.) On December 10, 2009, the plaintiff filed an Amended Complaint in Wilson County Circuit Court, adding Great Dane LP as a defendant in this matter, pursuant to T.C.A. § 20-1-119. (Docket No. 1 Ex. 1.) On January 11, 2010, the defendants removed this case to this court. (Docket Nos. 1-2.)

## ANALYSIS

The plaintiff claims that Great Dane LP and USFI are responsible for the injuries he sustained from his fall on July 11, 2008. In this motion, Great Dane LP asserts that the plaintiff's claims against Great Dane LP are barred by the applicable statute of limitations.

**I.       Standard of Review**

Great Dane LP brings this motion pursuant to Federal Rule of Civil Procedure 12(h)(2), which provides that, after the answer has been filed, a defendant may bring a motion for failure to state a claim upon which relief may be granted as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P 12(h)(2). The court is to analyze such a motion as a typical motion for failure to state a claim, which is often brought under

3

Federal Rule of Civil Procedure 12(b)(6). *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009).

## II. Statute of Limitations

It is undisputed that Tennessee law applies to this dispute and that the plaintiff's personal injury action is subject to a one-year statute of limitations. T.C.A. § 29-28-103; T.C.A. § 28-3-

4

104(a). It is also clear that the cause of action accrued on July 11, 2008, that is, the date that the plaintiff was injured. T.C.A. § 28-3-104(b)(in products liability actions, "the cause of action . . . shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product.") As the accident occurred on July 11, 2008 and Great Dane LP was not sued until December 10, 2009, Great Dane LP argues that the plaintiff's claims here are time-barred.

As noted above, when filing his Amended Complaint, the plaintiff cited T.C.A. § 20-1-119. This "saving statute" permits a plaintiff to add an otherwise time-barred defendant to a litigation under a discrete set of circumstances. That is,

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, *alleges in an answer or amended answer to the original or amended complaint* that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault . . .
>
> > (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person.

T.C.A. § 20-1-119(a) (emphasis added)

Great Dane LP argues that T.C.A. § 20-1-119 plainly does not apply to this situation because Great Dane LP was never identified in USFI's Answer; rather, it was identified by USFI in discovery responses. (Docket No. 15 at 4-5.) Great Dane LP also notes that the plaintiff was put on notice by USFI's Answer of the presence of another (albeit, unnamed) tortfeasor and the plaintiff did not file an amended complaint naming that tortfeasor until well after 90 days had passed. (*Id.*)

5

In response, the plaintiff argues that Tennessee courts, in contrast to some federal court opinions, have broadly construed T.C.A. § 20-1-119.[2] (Docket No. 17 at 8.) In support of this notion, the plaintiff points out that a Tennessee Court of Appeals decision, *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 452-53 (Tenn. Ct. App. 2001), stated that T.C.A. § 20-1-119 should be construed "liberally." Specifically, the *Townes* court held that a plaintiff can invoke T.C.A. § 20-1-119 to save the litigation against a party that the plaintiff knew of at the time of the initial complaint but did not name until after the party was identified by a defendant in its answer. *Id.* at 451. The basis of this ruling was that the plaintiff's knowledge at the time that he filed the initial complaint was "irrelevant" in light of the language and purpose of T.C.A. § 20-1-119, which is to "provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." *Id.*

As noted above, the plaintiff requires a saving statute in order to assert a claim against Great Dane LP here. The plain language of the relevant saving statute requires that the defendant identify the allegedly liable third party in "an answer or amended answer to the original or amended complaint," and then requires the plaintiff to amend the complaint to add that allegedly liable third party within 90 days. T.C.A. § 20-1-119. Here, Great Dane LP was not identified in an answer or amended answer but was, instead, identified only in discovery. Moreover, to the extent an unnamed allegedly liable third party was identified in USFI's Answer, the plaintiff did not amend the Complaint to add Great Dane LP within 90 days of that

---

[2] Indeed, the plaintiff argues that there is a "chasm between federal and state decisions as to the availability of T.C.A. § 20-1-119 to plaintiffs who file suit against defendants who are only identified after the otherwise applicable statute of limitations has run." (Docket No. 17 at 13.) As seen below, there is no such "chasm" on the specific issue raised here.

6

Answer.

Contrary to the judicial uncertainty claimed by the plaintiff, both the Sixth Circuit and the Tennessee Court of Appeals have determined that T.C.A. § 20-1-119 requires that the allegedly liable third party be identified *in an answer*, and T.C.A. § 20-1-119 is not implicated when the defendant identifies an allegedly liable third party through some other means. *See Schultz v. Davis*, 495 F.3d 289, 294 (6th Cir. 2007)("The statute's plain language . . . precludes its application to this set of facts. The [plaintiffs] . . . did not learn about [the third party] as a potential defendant through an answer or an amended answer, but rather through the filing of certain Rule 26(a)(1) disclosures . . . the clear language of the statute precludes [the plaintiffs] from relying on T.C.A. § 20-1-119."); *Grindstaff v. Bowman*, 2008 WL 2219274, *4 (Tenn. Ct. App. May 29, 2008)(although T.C.A. § 20-1-119 "has been interpreted broadly by the Supreme Court," a letter from the defendant's counsel to plaintiff's counsel identifying a potentially liable third party sent around the same time that the defendant filed his answer but "which was not made a part of [the defendant's] formal answer . . . simply is not the same thing as an 'answer'" and did not implicate T.C.A. § 20-1-119.) Under this settled law, the identification of Great Dane LP in the discovery response and subsequent letter clearly does not implicate T.C.A. § 20-1-119. As no saving statute is applicable, the claims against Great Dane LP are time-barred, and Great Dane LP will be dismissed from this case.

### III. Other Issues

The plaintiff argues that, should the court find that T.C.A. § 20-1-119 is not implicated here, "USFI should not be permitted at trial to ask that fault be assigned to Great Dane, LP." (Docket No. 17 at 13.) From a basic review of the relevant case law, there appears to be merit to

7

this argument.  *See e.g. Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 788 (Tenn. 2000)("unless the non-party is identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to T.C.A. § 20-1-119, the trial court should not permit the attribution of fault to the non-party.")  That said, USFI has not had a chance to be heard on this issue, and it is unnecessary to rule on issues of trial evidence at this early stage.

The plaintiff also claims that, if USFI "identif[ies] Great Dane LP in an Amended Answer, Plaintiff should be allowed 90 days in which to file suit against Great Dane LP." (Docket No. 17 at 13.)  The Amended Complaint was filed by the plaintiff on December 10, 2009, which was well outside of the statute of limitations.  The saving statute only pertains to third parties identified in answers to complaints that were  "filed within the applicable statute of limitations."  T.C.A. § 20-1-119.  Therefore, based upon the present causes of action, T.C.A. § 20-1-119 would not be implicated by an amended answer filed by USFI.

Finally, as noted above, the plaintiff filed a Motion for Certification Order.  (Docket No. 18.)  This motion seeks to certify two questions to the Tennessee Supreme Court.   That is:

> 1) Whether the identification of a potential third party defendant in discovery answers from the original defendant, when made outside the otherwise applicable statute of limitations, creates a new 90-day period in which plaintiff may sue the third party who is identified in discovery and is referred to but not identified in the original defendant's answer?
> 2) Whether a plaintiff, if he knows within the applicable[] statute of limitations that an unnamed person or entity may be responsible for his damages, pursuant to T.C.A. § 20-1-119, has only 90 days to sue a third party from the date he is put on notice by the original defendant's answer that a third party may be responsible in whole or in part for the accident that gives rise to the litigation?   (*Id.* at 1-2.)

Rule 23 of the Tennessee Supreme Court permits this court to certify to the Tennessee Supreme Court "questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the

Supreme Court of Tennessee." As discussed above, the court's conclusion that the saving statute is unavailable to the plaintiff here is consistent with the clear language of that statute as well as with the findings of state and federal courts that have directly addressed the issue raised here. It is unnecessary to certify these questions.

For the reasons discussed herein, Great Dane LP's Motion for Judgment on the Pleadings (Docket No. 14) is **GRANTED** and Great Dane LP is hereby **DISMISSED** from this case. The plaintiff's Motion for Certification Order (Docket No. 18) is **DENIED**.

It is so Ordered.

Entered this 23rd day of July 2010.

ALETA A. TRAUGER
United States District Judge